Xing v. Rosen

BIA
Conroy, IJ
A206 230 159

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

PRESENT:
        DEBRA ANN LIVINGSTON,
                *Chief Judge,*
        RICHARD C. WESLEY,
        STEVEN J. MENASHI,
                *Circuit Judges.*
_____

LIANG JIA XING,
        *Petitioner,*

        v.                                          19-1613
                                                    NAC
JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Thomas V. Massucci, Esq., New
                         York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Claire
                         L. Workman, Senior Litigation
                         Counsel; Edward C. Durant,

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liang Jia Xing, a native and citizen of the People's Republic of China, seeks review of a May 1, 2019, decision of the BIA affirming a January 5, 2018, decision of an Immigration Judge ("IJ") denying Xing's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Jia Xing*, No. A206 230 159 (B.I.A. May 1, 2019), *aff'g* No. A206 230 159 (Immig. Ct. N.Y. City Jan. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Xing was not credible as to his claim that police in China detained and beat him for practicing Christianity.

The IJ reasonably found Xing's demeanor hesitant and evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is supported by the record, which shows that, despite repeated requests for details about the harm he suffered and the

3

conditions of his detention, Xing resisted and ultimately failed to provide complete details of his alleged 15-day detention and three beatings. *See id.; Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

The IJ's demeanor finding and adverse credibility determination as a whole were further supported by Xing's inconsistent evidence regarding where he was when he learned about Christianity and where he hid after his release from detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Xing could not compellingly explain these

4

inconsistencies and his attempts to do so were illogical and confusing, thereby further impugning his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Having questioned Xing's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Xing failed to submit testimony or affidavits from fellow church members in the United States. And the IJ reasonably declined to credit unsworn letters from his relatives and friend in China because the authors were interested parties not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec.

5

209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were not substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

6